http://www.va.gov/vetapp16/Files5/1639906.txt

Citation Nr: 1639906 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 07-20 504 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUE

Entitlement to service connection for the cause of the Veteran's death. 

ATTORNEY FOR THE BOARD

A. Cryan, Counsel

INTRODUCTION

The Veteran served on active duty from January 1944 to March 1946. The appellant seeks surviving spouse benefits.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

The Board remanded the appellant's claims for additional development in June 2012.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The Veteran died in August 2006. The immediate cause of death was complications of blunt force head injury. A motor vehicle crash was listed as the underlying causes of death. 

2. At the time of the Veteran's death, service connection was in effect for residuals of a cold injury of the bilateral ears with otalgia, otitis externa, and status post excision of focal squamous cell carcinoma in situ rated as 30 percent disabling, residuals of a cold injury to the bilateral feet rated as 30 percent disabling, residuals of a cold injury to the right lower extremity rated as 30 percent disabling, residuals of a cold injury to the left lower extremity rated as 30 percent disabling, bilateral pes planus rated as 10 percent disabling, residuals of a right eye injury rated as noncompensably disabling, and residuals of a shrapnel wound to the left eye rated as noncompensably disabling. The Veteran was also in receipt of individual unemployability at the time of his death. 

 3. The competent evidence does not show that the Veteran's death was caused by a service-connected disability. 

CONCLUSION OF LAW

Service connection for the cause of the Veteran's death is not warranted. 38 U.S.C.A. §§ 1110, 1310 (West 2014); 38 C.F.R. §§ 3.303, 3.312 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant contends that service connection for the cause of the Veteran's death is warranted. She avers that the Veteran's service-connected shrapnel residuals of the left eye shifted during a motor vehicle accident that led to complications of blunt force trauma, the cause of his death. 

The law provides that service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. §§ 3.303, 3.304. 

A surviving spouse of a qualifying veteran who died of a service-connected disability is entitled to receive Dependency and Indemnity Compensation benefits. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312. In order to establish service connection for the cause of the Veteran's death, the evidence must show that a disability incurred in or aggravated by active service was either the principal or contributory cause of death. To constitute the principal cause of death, the service-connected disability must be one of the immediate or underlying causes of death, or be etiologically related to the cause of death. 38 C.F.R. § 3.312 (b). To be a contributory cause of death, the evidence must show that the service-connected disability contributed substantially or materially to the cause of death, or that there was a causal relationship between the service-connected disability and the Veteran's death. 38 C.F.R. § 3.312 (c). To be a contributory cause of death, the service-connected disability must be shown to have combined with the principal cause of death, that it aided or lent assistance to the cause of death. It is not sufficient to show that it casually shared in producing death. A causal relationship must be shown. 38 C.F.R. § 3.312.

Service-connected disabilities affecting vital organs should receive careful consideration as a contributory cause of death. That requires a determination as to whether there were debilitating effects and a general impairment of health caused by the service-connected disability which rendered the veteran less capable of resisting the effects of an unrelated disability. 38 C.F.R. § 3.312 (c)(3). In cases where the primary cause of death is by its very nature so overwhelming that eventual death is anticipated irrespective of coexisting disabilities, there must be a determination as to whether there is a reasonable basis that a service-connected disability had a material effect in causing death. In that situation, it would not generally be reasonable to hold that a service-connected condition accelerated death unless the condition affected a vital organ and was itself of a progressive or debilitating nature. 38 C.F.R. § 3.312 (c)(4).

The Veteran's certificate of death lists complications of blunt force head injury as the immediate cause of death. A motor vehicle crash was listed as the underlying cause of death.

A review of the service treatment reports of record reflects that the Veteran underwent an operation in April 1945 to remove a stone chip from the right cornea. The records reflect that a bullet hit a brick wall which resulted in a brick particle striking the Veteran in his right eye. A shrapnel injury of the left eye was noted at the Veteran's March 1946 separation examination. 

The examiner indicated that the injury did not result in disability and the Veteran met the physical standards for discharge. 

A VA ear, nose, and throat examination conducted in January 1947 revealed 20/20 vision in each eye, no scars or dysfunctions of the eyes, and normal external examination of the eyes. Fundoscopy revealed normal fundi. The Veteran reported that his eyes felt tired especially when the wind blew during the day. 

The examiner concluded that no disease of the left eye was found at that time. 

A review of the Veteran's private treatment reports from Banner Desert Medical Center reflects that the Veteran was involved in a motor vehicle accident in December 2005 with evacuation of a subdural hematoma. In June 2006, the Veteran was noted to have fallen in the bathroom at home with resulting confusion and expressive aphasia. A computed tomography (CT) scan of the brain revealed chronic subdural frontal hematoma with ring enhancement concerning for infection. The results of a June 2006 magnetic resonance imaging (MRI) of the brain revealed post-operative changes with previous left-sided craniotomy, marked enhancement of the dura and overlying meninges of the left cerebral hemisphere, age-related changes including small vessel ischemic change and atrophy, and a local mass effect as well as mild irregularity to the distal right posterior cerebral artery and distal right middle cerebral artery. There was no reference to any retained shrapnel in the brain. 

A medical opinion was obtained from a VA practitioner in September 2014. The practitioner reviewed the claims file and noted that the Veteran died from complications of blunt force trauma. The practitioner noted that the Veteran had previous MRIs and CT scans that did not show any metallic foreign bodies in the head. Additionally, in April 1945, the Veteran had a stone chip foreign body in the right eye which was removed. The examiner stated that there is no evidence of any shrapnel or any other metallic foreign body found in the brain or head. He concluded that it is less likely than not that shrapnel wounds to the eyes were a principal or contributing cause of the Veteran's death. 

The Board concludes that the greater weight of probative medical evidence weighs against a finding that the Veteran's cause of death was caused by or related to his service-connected eye disabilities. 

As noted, the immediate cause of the Veteran's death was due to complications of blunt force head injury and a motor vehicle crash was listed as the underlying cause of death. 

In this case, there is no competent and credible medical evidence linking the Veteran's cause of death to any of his service-connected disabilities. A medical opinion was obtained and the examiner provided a complete rationale for the conclusion that it is less likely than not that shrapnel wounds to the eyes were a principal or contributing cause of the Veteran's death. There is no other medical evidence to dispute this finding. As such, the VA medical opinion is the most probative evidence of record.

Moreover, the Board finds that the appellant's opinion is insufficient to provide the requisite etiology of the cause of the Veteran's death because such matters require medical expertise. 38 C.F.R. § 3.159 (a)(1); Duenas v. Principi, 18 Vet. App. 512 (2004); Stadin v. Brown, 8 Vet. App. 280 (1995); Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). Therefore, the appellant's statements maintaining that the Veteran's cause of death was related to his service-connected residuals of shrapnel to the left eye which she believes shifted and resulted in or contributed to his death is merely speculation as she is not medically qualified to prove a matter requiring medical expertise, such as an opinion as to etiology.

In sum, the weight of the probative medical evidence is against a finding that the Veteran's service-connected left or right eye disabilities caused or contributed to his death. 

The Board is very sympathetic to the appellant for the loss of her husband. Unfortunately, the Board is ultimately bound by the law passed by Congress, and this decision is dictated by the relevant statutes and regulations. The Board is without authority to grant benefits simply because it might perceive the result to be equitable. See 38 U.S.C.A. §§503, 7104; Harvey v. Brown, 6 Vet. App. 416, 425 (1994). 

As described, the weight of the evidence is clearly against the appellant's claim, and service connection for the cause of the Veteran's death is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. §§ 3.102, 4.3.

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided. Additionally, the appellant has neither alleged nor demonstrated any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of her claim at this time is warranted. 

In Hupp v. Nicholson, 21 Vet. App. 342 (2007), the Court of Appeals for Veterans Claims (Court) held that VA is not relieved of providing section 5103(a) notice merely because the appellant had provided some evidence relevant to each element of his or her claim in his or her application for benefits. The Court held that the section 5103(a) notice must be "responsive to the particular application submitted." The Court further held that when adjudicating a claim for dependency and indemnity compensation (DIC), VA must perform a different analysis depending upon whether a veteran was service-connected for a disability during his or her lifetime. The Court concluded that, in general, section 5103(a) notice for a DIC case must include: (1) a statement of the conditions, if any, for which a veteran was service-connected at the time of his or her death; (2) an explanation of the evidence and information required to substantiate a DIC claim based on a previously service-connected condition; and (3) an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service-connected. 

In this case, the RO informed the appellant that, "To support your claim for Dependency and Indemnity (DIC) benefits, the evidence must show that: the Veteran denied while on active duty or the Veteran died from a service-connected injury or disease." See September 2006 Notice Letter, page 8. Thus, the September 2006 notice letter addressed Hupp element (2). The appellant is claiming that the Veteran's service-connected shrapnel residuals of the left eye shifted during a motor vehicle accident that led to complications of blunt force trauma, the cause of death. See NOD, January 6, 2007. The appellant is not claiming that a nonservice-connected disability caused or contributed to the Veteran's death. Therefore, Hupp element (3) is not relevant to her claim.

Although the September 2006 notice letter did not provide a statement of the disabilities for which the Veteran was service-connected at the time of his death, the essential fairness of the adjudication has not been affected. The appellant had actual knowledge of the fact that the Veteran was service-connected for shrapnel residuals of the left eye. Id. Actual knowledge is established by statements or actions by the claimant or the claimant's representative that demonstrates an awareness of what was necessary to substantiate her claim. 

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the appellant. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service treatment records, VA and private treatment records, and a VA medical opinion were obtained. The appellant was offered the opportunity to testify at a hearing before the Board, but she declined.

As noted, a VA medical opinion was obtained which the Board finds to be adequate for rating purposes, as the practitioner had a full and accurate knowledge of the Veteran's disabilities and the appellant's contentions, and grounded the opinion in the medical literature and evidence of record. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, the appellant has not objected to the adequacy of the medical opinion. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011).

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the appellant in adjudicating this appeal.

ORDER

Entitlement to service connection for the cause of the Veteran's death is denied. 

____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs