Citation Nr: 1730407 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 12-21 885 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a lumbar spine disability. 

2. Entitlement to service connection for a bilateral knee disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Cryan, Counsel





INTRODUCTION

The Veteran served on active duty from June 1969 to January 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Decatur, Georgia. 

In April 2015 and February 2016, the Board remanded the Veteran's claims for additional development. 

Additional VA treatment reports and a VA prostate cancer examination were associated with the claims file after the December 2016 supplemental statement of the case and were not considered by the Agency of Original Jurisdiction (AOJ). However, the VA records are cumulative of other records already considered and the VA examination report is unrelated to the issues on appeal. As such, the Veteran is not prejudiced by the Board's adjudication of the issues on appeal. 


FINDINGS OF FACT

1. The Veteran's lumbar spine disability is not attributable to his active duty service or to a service-connected disability

2. The Veteran's bilateral knee disability is not attributable to his active duty service or to a service-connected disability


CONCLUSIONS OF LAW

1. Criteria for service connection for a lumbar spine disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.310 (2016).

2. Criteria for service connection for a bilateral knee disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.310 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duty to Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided. Additionally, neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claims at this time is warranted. 

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service treatment records, VA treatment records, private treatment records, and records from the Social Security Administration (SSA) have been obtained. 

With regard to the claims being decided herein, the Board last remanded the claims to obtain additional evidence and obtain an addendum medical opinion for his service connection claims. Additional VA treatment reports and records from the SSA were associated with the claims file and a VA addendum opinion was obtained in November 2016. Neither the Veteran nor his representative asserted that any records remained outstanding that were needed to give fair consideration to the Veteran's claims. As such, because the Board's order was fully complied with, there is no prejudice for the Board to proceed. See Stegall v. West, 11 Vet. App. 268 (1998). 

The Veteran was also provided with several VA examinations (the reports of which have been associated with the claims file). Most recently, a VA addendum opinion was obtained which the Board finds to be adequate for rating purposes. Additionally, the VA examiner had a full and accurate knowledge of the Veteran's disabilities and contentions, and grounded the findings on objective testing and the evidence of record. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, neither the Veteran nor his representative has objected to the adequacy of any of the examinations conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011). 

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.

Service Connection

The Veteran submitted a claim of entitlement to service connection for lumbar spine and bilateral knee disabilities in June 2009. The claims were denied in a September 2009 rating decision. The Veteran disagreed with the denial of his claims and this appeal ensued. 

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. §§ 3.303, 3.304.

Establishing service connection requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

Service connection may also be granted for certain chronic diseases, including arthritis, when such disability is manifested to a degree of 10 percent or more within one year of discharge from service. See 38 U.S.C.A. §§ 1101, 1112(a); 38 C.F.R. §§ 3.307, 3.309.
 
When chronic diseases are at issue, the second and third elements for service connection may alternatively be established by showing continuity of symptomatology. See Walker v. Shinseki, 701 F.3d 1331 (Fed. Cir. 2013).

Service connection may also be granted on a secondary basis when a disability which is proximately due to, or the result of, a service-connected disorder. 38 C.F.R. § 3.310(a). Secondary service connection may be found in certain instances in which a service-connected disability aggravates another condition.

A review of the Veteran's service treatment reports (STRs) reflects that the Veteran's July 1969 entrance examination and December 1971 separation examination reveals normal clinical evaluations of the spine and lower extremities. The records do not reflect any complaints, findings, or treatment for the low back or knees. 

VA treatment reports reflect subjective complaints of chronic knee pain in July 2009 and intermittent low back pain in August 2009. He reported no prior trauma. In November 2009, he was assessed with osteoarthritis of the lumbar spine. In July 2010, the Veteran reported constant lower back pain and knee pain. Thereafter, the records reflect complaints related to the low back and knee pain. 

Records from the SSA reflect that the Veteran is in receipt of disability benefits for a primary diagnosis of disorders of the back (discogenic and degenerative) and a secondary diagnosis of obesity and other hyperalimentation disorders effective June 2009. Private treatment reports submitted by the SSA include X-rays of the right and left knee and lumbar spine which reflect a diagnosis of post-operative osteoarthritis of the left knee, osteoarthritis of the right knee, and osteoarthritis of the lumbar spine in April 2011. 

At a May 2015 VA knee examination, the Veteran was noted to have sustained a left knee fracture in 1980 and he was diagnosed with bilateral knee osteoarthritis with an uncertain date of diagnosis. The Veteran reported that he suffered a slip in service in 1970 and had knee and low back pain thereafter. He endorsed intermittent knee pain over his knee caps since that time. He broke his left knee cap in 1980 and had a surgical procedure. He indicated that he takes pain medications and he has had no surgery or injections into the knees. The examiner noted that the Veteran's X-rays showed mild degenerative joint disease of the bilateral knees consistent with his age. 

At a May 2015 VA thoracolumbar spine examination, X-rays revealed degenerative arthritis of the spine. The Veteran reported that he suffered a slip in service and had knee and low back pain in 1970. He endorsed intermittent back pain since that time. The pain is present in the middle of the low back. He indicated that he takes pain meds. He has had no surgery or injections into the back. He was diagnosed with degenerative joint disease of the lumbar spine. 

The May 2015 VA examiner opined that the Veteran's lumbar spine and bilateral knee disabilities are less likely than not incurred in or caused by active duty service. The examiner's rationale was that the Veteran's separation examination reflected normal clinical evaluations of the back and knees. There was no evidence the he had ongoing treatment for the knees or back after leaving service. The Veteran was able to work in maintenance and other departments at General Motors for thirty years without apparent problems of the knees or back. Finally, X-rays of the back and knees showed minimal degenerative joint disease consistent with age. 

In a September 2015 addendum opinion, the May 2015 VA examiner failed to provide a specific opinion with regard to secondary service connection for the lumbar spine and bilateral knees. However, he noted that diabetes mellitus is a systemic metabolic condition that does not directly affect the joints. He noted that indirectly it can lead to infection or Charcot disease neither of which the Veteran has. Peripheral vascular disease affects the arteries and veins and does not directly involve the joints. He also noted that pain can mimic joint conditions and gangrene will result in loss of joints. As for aggravation, the examiner indicated that for the same reasons noted, aggravation is unlikely. 

In a November 2016 opinion, the May 2015 VA examiner once again reviewed the claims file and opined that it is less likely than not that the Veteran's lumbar spine and bilateral knee disabilities had their onset in service, manifested to a compensable degree within one year of discharge, or is otherwise medically related to service. The examiner's rationale was that the Veteran recovered from the injury to his back and knees in 1970 and continued in service. He then worked for several decades. The examiner noted that moderate degenerative joint disease of the back and knees is consistent with his age. 

With regard to secondary service connection, the examiner opined that it is less likely than not that the Veteran's lumbar spine and bilateral knee disabilities were caused or aggravated by the service-connected neuropathy. The examiner's rationale is that the only way that diabetes and associated neuropathy cause or aggravate the back and knees is if the patient has Charcot's neuropathy and the Veteran does not have this condition. 

In considering the evidence of record and the applicable laws and regulations, the Board concludes that the Veteran is not entitled to service connection for disabilities of the lumbar spine and bilateral knees.

As noted, the Veteran was not diagnosed with arthritis of the lumbar spine or bilateral knees at his separation from service or within one year of his separation from service. The post-service treatment reports reflect that the earliest reference to arthritis of the lumbar spine was in 2009 and arthritis of the bilateral knees was in 2011, more than thirty years after the Veteran left service. As such, at separation, the Veteran did not have lumbar spine or bilateral knee arthritis and there is no medical evidence showing that arthritis of the lumbar spine and bilateral knees was diagnosed either during service or within a year of service. Likewise, lumbar spine and bilateral knee arthritis has not been continuous since service, as it was not shown until many years after service. Therefore, the 38 C.F.R. § 3.303(b) presumptions have not been met. 

Nevertheless, service connection may be granted if the evidence establishes a nexus between the lumbar spine and bilateral knee arthritis and the Veteran's active military service or a service-connected disability. The Board finds that the competent evidence does not show a relationship between the Veteran's disabilities of the lumbar spine and bilateral knees and his period of active service or any service-connected disabilities. The only medical opinions of record indicates that it is less likely than not that the Veteran's lumbar spine and bilateral knee disabilities are related to service or are caused or aggravated by service-connected neuropathy. The examiner reviewed the claims file, considered the Veteran's contentions, and provided a rationale to support the opinions. There is no competent evidence to contradict these opinions. 

Hence, the Board finds that the competent evidence of record does not reveal a showing of a relationship of the Veteran's lumbar spine and bilateral knee disabilities and the Veteran's period of service or to a service-connected disability. 

Although the Veteran contends that he has lumbar spine and bilateral knee disabilities which are related to service or a service-connected disability, he has not submitted any competent medical evidence or opinion to substantiate his theories of entitlement. 38 C.F.R. § 3.159(a)(1) (competent medical evidence means evidence provided by a person who is qualified through education, training or experience to offer medical diagnoses, statements, or opinions). The Veteran's opinion is not considered competent to provide the requisite etiology of the lumbar spine and bilateral knee disabilities because such a determination requires medical expertise and training which he has not been shown to possess. 38 C.F.R. § 3.159(a)(1); see Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Therefore, the Veteran's assertion that his lumbar spine and bilateral knee disabilities are related to his service is not considered to be competent as he is not medically qualified to provide evidence regarding matters requiring medical expertise, such as an opinion as to etiology. 

Accordingly, the Board finds that the preponderance of the evidence is against the claims for service connection for lumbar spine and bilateral knee disabilities, and the claims are denied.


ORDER

Entitlement to service connection for a lumbar spine disability is denied. 

Entitlement to service connection for a bilateral knee disability is denied. 



____________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs