Citation Nr: 1730415 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 11-03 682 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in 
Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a low back disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Saudiee Brown, Associate Counsel


INTRODUCTION

The Veteran had active military service from June 1978 until April 1983.

This matter comes before the Board of Veterans' Appeals (Board) from a February 2010 rating decision issued by the Department of Veterans Affairs (VA), Regional Office (RO) in Roanoke, Virginia. The Board previously remanded this matter in March 2014, January 2015 and June 2015.

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge in March 2013. A transcript of the hearing is of record. The Board notes that the representative's colleague, PZ, sat in on the hearing as an observer.

The Veteran appealed to the United States Court of Appeals for Veterans Claims (CAVC). The Board notes this case was subject to a November 4, 2016, Joint Motion for Remand of the Board's February 2016 denial of service connection for a low back disorder. Following the Joint Motion for Remand, the Board remanded this matter in March 2017.


FINDING OF FACT

A low back disorder did not have its onset in service, was not manifest to a compensable degree within one year of separation from service, and is not otherwise related to service.


CONCLUSION OF LAW

1. The criteria to establish service connection for a low back disorder have not been met. 38 U.S.C.A. §§ 1101, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2016). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Compliant notice was provided to the Veteran in January 2010.

VA has a duty to assist the Veteran in the development of the claim. The claims file includes service treatment records (STRs), VA medical records, and the statements of the Veteran in support of his claim. The Board has considered the statements and perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim for which VA has a duty to obtain.

The Board also notes that actions requested in the prior remands have been undertaken. Indeed, VA examinations, supplemental VA examiner opinions, additional VA and private treatment records, and a waiver of consideration were provided. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)). 

A VA examination was obtained in December 2010, October 2015, March 2017, and a supplemental opinion was provided in February 2015. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the Veteran has been afforded an adequate VA examination and opinion. The report includes a clinical examination, diagnostic testing, and the Veteran's reported symptoms. The report provides findings and adequate rationale relevant to the criteria for service connection. 

Based on the foregoing, the Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to the claim. Essentially, all available evidence that could substantiate this claim has been obtained.

II. Service Connection 

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet.App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table).

In each case where service connection for any disability is being sought, due consideration shall be given to the places, types, and circumstances of such Veteran's service as shown by such Veteran's service record, the official history of each organization in which such Veteran served, such Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A § 1154 (a) (West 2014).

Service connection may also be established by chronicity or continuity of symptoms for certain chronic conditions. 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). These chronic conditions do not include a low back disorder.

In adjudicating a claim, the Board must assess the competence and credibility of the veteran. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board also has a duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). The Veteran is competent to provide facts about what he experienced; for example, he is competent to report that he engaged in certain activities in service and currently experiences certain symptomatology. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). Competency, however, must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); see also Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify"). The Board acknowledges that it cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. See Buchanan, 451 F.3d at 1337. However, such lack of contemporaneous evidence is for consideration in determining credibility.

Once the evidence is assembled, the Board is responsible for determining whether the preponderance of the evidence is against the claim. If so, the claim is denied; if the evidence is in support of the claim or is in equal balance, the claim is allowed. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case with all reasonable doubt to be resolved in favor of the claimant; however, the reasonable doubt rule is not a means for reconciling actual conflict or a contradiction in the evidence. 38 C.F.R. § 3.102. 

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Analysis

The Veteran contends that the onset of his low back disorder occurred during service. Specifically, the Veteran argues that his disorder is due to parachuting while on jump status during active duty service.

In August 1977, the Veteran's entrance examination noted that the Veteran was in good health. In October 1979, service treatment records show that the Veteran suffered a back strain from an injury while parachuting on jump status. It was noted that this injury was treated and resolved within a few days. In April 1983, the Veteran's separation examination showed no abnormalities of the spine and the Veteran denied having a history of recurrent back pain.

Post-service treatment records from June 2002 to March 2017 reveal complaints of back pain.

In May 2010, the Veteran submitted a statement from his wife, E.S. She indicated that the Veteran injured his back in October 1979, and has complained of back pain at least four to five times per week.

In December 2010, the Veteran was afforded a VA examination for his claim. The Veteran reported that he injured his back during a parachute jump in service. The Veteran described the onset of his low back pain in 1979. Upon physical examination, the examiner diagnosed facet arthrosis of the lower lumbar spine. The examiner opined that the Veteran's low back condition was not related to service. The examiner reasoned that there was no documentation of a low back condition in service and that there was no post-military service documentation of a chronic low back condition requiring care. The Board notes that this VA opinion was inadequate and requested an addendum opinion in the March 2014 Board remand.

In February 2015, a supplemental VA opinion was provided regarding the Veteran's claim. The examiner opined that the Veteran's condition was less likely than not incurred in or caused by an in-service injury, event, or illness. The examiner reasoned that the Veteran's facet arthrosis was due to degeneration. The examiner also noted that there were no clinical findings in the record to support that the Veteran's facet arthropathy was caused by an event in military service, including parachuting. The medical records revealed no care given to the Veteran where the condition treated likely would have become facet arthropathy. Lastly, the examiner stated that the clinical manifestations of back pain currently characterized in the record have no etiological relationship to his in-service complaints. The Board notes that this opinion was considered inadequate and requested a new VA examination in a June 2015 Board remand.

In October 2015, the Veteran was afforded another VA examination for his claim. The Veteran was diagnosed with sacroiliitis, a condition related to degenerative arthritis. The examiner opined that the Veteran's sacroiilitis was related to age, genetics, and chronic wear and tear. The examiner also noted that the Veteran's facet arthrosis was related to age, genetics and chronic wear and tear. The examiner stated that with regards to the Veteran's in-service back problems, his current back problems were degenerative. There was no evidence in the service or post-treatment records that the Veteran's current back condition, to include sacroiliitis and facet arthrosis, was due to or caused by the single strain in October 1979. The examiner further reasoned that the current medical literature did not support the causation of degenerative spine conditions due to strain injuries. The Board notes that the examiner did not consider the Veteran and his wife's lay statements along with the impact of 50-70 parachute jumps on his back during service, and requested a new VA examination in a March 2017 Board remand.

In March 2017, the Veteran was afforded another VA examination for his claim. The examiner noted the diagnoses of sacroiliitis and arthrosis lower lumbar. The examiner opined that it was not at least as likely as not that any currently diagnosed back condition had its onset in service or was otherwise related to the Veteran's active duty service, to include the Veteran's reports of sustaining a back injury during a parachuting accident in service in October 1979. The examiner reasoned that there was no nexus of establishing continuity of care for the Veteran's singular complaint of a back condition that was treated conservatively and resolved within a few days. The Veteran was able to return to active duty service without limitation and the Veteran even signed up for active military service in 1980 which he completed in 1983 after completion of the required service years, and without sequela of a back condition. The examiner stated that there were notably no findings of a back complaint until 2002 and in 2006 the Veteran was diagnosed with bilateral sacroiliac arthritis. 

The examiner said that these clinical and diagnostic findings were chronologically related to the aging process. Overall, the examiner concluded that there were no lay, medical, or diagnostic findings to show that the singular in-service diagnosed strain, or the Veteran and wife's lay testimony that the Veteran made 50-70 parachute jumps during service, were related to the current back condition diagnosed almost three decades later. The examiner said that the Veteran's low back disorder was a common finding related to the natural aging process with significantly increased mechanical joint stress due to obesity at 32 body mass index or greater.

In June 2017, the Veteran's representative submitted an informal hearing presentation in response to the March 2017 VA examination and the RO's subsequent Supplemental Statement of the Case. The Veteran's representative argued that the RO and VA examiner did not follow the remand directives in the March 2017 Board remand. Specifically, the Veteran's representative stated that the VA examiner did not adequately address the Veteran and his wife's lay testimony as well as the impact of numerous parachuting jumps on his spine. In addition, the Veteran's representative contended that the VA examiner was not properly qualified to make these determinations regarding orthopedic and neurological medicine as the examiner was a physician assistant. The Board disagrees with the Veteran's representative and finds that the VA examiner's opinion did adequately address the lay statements as well as the impact of numerous parachuting jumps on the Veteran's spine in detail. 

Moreover, the March 2017 Board remand only required an appropriate examiner, not an examiner of equal appropriate expertise as the representative argues. "In the case of competent medical evidence, . . .VA benefits from a presumption that it has properly chosen a person who is qualified to provide a medical opinion in a particular case." Parks v. Shinseki, 716 F.3d 581, 585 (Fed. Cir. 2013) (citing Sickels v. Shinseki, 643 F.3d 1362, 1366 (Fed. Cir. 2011)) "It is presumed that VA followed a regular process that ordinarily results in the selection of a competent medical professional. Id. ("Viewed correctly, the presumption [of competence] is not about the person or a job title; it is about the process.")." Wise v. Shinseki, 26 Vet. App. 517, 525, (2014). Further, 38 C.F.R. § 3.159 (a)(1) states that competent medical evidence is evidence provided by a person who is qualified through education, training or experience to offer medical diagnoses, statements, or opinions. A physician assistant is qualified through education to offer medical opinions. Therefore, the Board finds that the RO substantially complied with the Board's directive and selected an appropriate examiner.

The Veteran has offered his own opinion on etiology, stating that he currently has a low back disorder that is causally related to his active service. The Board acknowledges that the Veteran is competent to describe his symptoms without any specialized knowledge or training. Layno, 6 Vet. App. 465. However, as a layperson, the Veteran is not competent to diagnose his symptoms as a specific disease, nor is he competent to render a nexus opinion regarding the etiology of any current disorder; both of these determinations require medical expertise. Jandreau, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, the Board affords more probative weight to the VA examiners' opinions than the Veteran's own contentions.

The Board has considered the doctrine of giving the benefit of the doubt to the Veteran, under 38 U.S.C.A. § 5107, and 38 C.F.R. § 3.102, but does not find that the evidence is of such approximate balance as to warrant its application. Gilbert, 1 Vet. App. at 54-56. Therefore, given the absence of evidence that a low back disorder was related to service, the preponderance of the evidence is against the claim for service connection; there is no doubt to be resolved. Service connection for a low back disorder is not warranted.


ORDER

Entitlement to service connection for a low back disorder is denied.



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs