# United States Court of Appeals for the Federal Circuit

---

**HOMER D. SICKELS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI,**
**SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee.*

---

2010-7140

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 08-1963, Chief Judge Bruce E. Kasold.

---

Decided: May 6, 2011

---

PETER J. SEBEKOS, of Niagara Falls, New York, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of

counsel were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before RADER, *Chief Judge*, CLEVENGER, and LINN, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

Appellant, Homer D. Sickels, appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans' Appeals ("Board") decision denying compensation for a right knee disability. *Sickels v. Shinseki*, No. 08-1963 (Vet. App. May 18, 2010). For the following reasons we affirm the Veterans Court's decision.

I

Mr. Sickels served on active duty in the United States Army from August 1948 until August 1950. The available service medical records show that he suffered a right knee injury in September 1949 and was evaluated and treated for lesions at a field hospital in Stuttgart, Germany. An x-ray revealed no bone or joint pathology. Mr. Sickels suffered his knee injury while playing football with a military team.

In September 1999, Mr. Sickels filed an application for disability compensation with the Cleveland Regional Office (the "RO") of the Department of Veterans Affairs ("VA") claiming a service-related right knee disability. Mr. Sickels notified the RO that he had not received any treatment for his knee since his time in the military, but that he had recently suffered from pain and a trick knee.

In April 2001, the RO informed Mr. Sickels that it had requested his service medical records from the military and that it would review his claim. In response, Mr. Sickels notified the RO that he had been twice examined at the Cincinnati VA Medical Center in 2000 and that x-rays were taken of his knee. The orthopedic department of the VA clinic had found no major pathology or instability, but noted that if Mr. Sickels' symptoms continued then a Magnetic Resonance Imaging ("MRI") should be obtained to look for meniscal pathology. The x-rays revealed minimal degenerative change consistent with osteoarthritis.

The RO denied Mr. Sickels' claim for disability compensation in February 2002 for failure to demonstrate service connection between Mr. Sickels' football injury and his arthritic knee. Mr. Sickels appealed this denial to the Board and argued that the VA failed to comply with its statutory duty to assist him in developing his claim. The Board agreed and remanded the claim back to the RO to obtain a medical opinion as to whether Mr. Sickels' right-knee disability was related to his service. The remand order specifically required that the opinion be based on a review of the record and noted that Mr. Sickels should undergo a VA examination and/or diagnostic testing if the medical specialist deemed it necessary.

In May 2005, the VA Appeals Management Resource Center ("AMC"), upon receipt of the remand order from the Board, sent instructions to the Cincinnati VA Medical Center requesting that a medical examiner review the record and provide a nexus opinion "as to whether any current right knee disability currently found is as likely as not related to the in-service injury of the right knee." The front page of the instructions read:

General Remarks:

CLAIMS FILE BEING SENT FOR REVIEW BY
THE EXAMINER.

NO EXAM AT THIS TIME
NO EXAM AT THIS TIME

NO EXAM AT THIS TIME
NO EXAM AT THIS TIME

The more detailed instructions on the second page speci-
fied that "[i]f the medical specialist deems it to be neces-
sary, the veteran should undergo a VA examination
and/or diagnostic testing."  A VA medical examiner re-
viewed Mr. Sickels' records in August 2005 and concluded
that "it is LESS likely than not that the veteran's injury
in 1949 resulted in his current symptomatology in the
right knee."  The examiner noted that "[t]his is a file
review only and there was no examination."

Additional records were obtained from the Office of
the Surgeon General in May 2007, and the AMC sent
another request to the Cincinnati VA Medical Center for a
review of Mr. Sickels' records.  The instructions noted on
the front page:

General Remarks:

CLAIMS FILE BEING SENT FOR REVIEW BY
THE EXAMINER.

PER BVA REMAND:

NO   EXAM!!!   NO   EXAM!!!   NO   EXAM!!!
REVIEW/OPINION ONLY!!!

It was again noted in the detailed instructions that "[i]f the medical specialist deems it to be necessary, the veteran should undergo a VA examination and/or diagnostic testing." In July 2007, another medical examiner reviewed Mr. Sickels' records and filed a report stating that "it is less likely than not that the veteran's current right knee osteoarthritis is secondary to his right knee in-service injury."

In October 2007, the AMC issued a supplemental statement of the case which continued to deny Mr. Sickels' claim for lack of service connection. Mr. Sickels again appealed to the Board and argued that the VA should have performed additional diagnostic testing on his knee as a result of the remand order. The Board reviewed the actions taken pursuant to its initial remand and found the additional record searches and medical specialist reviews were sufficient to comply with its instructions. The Board also found that the VA satisfied its duties to notify and assist Mr. Sickels with developing his claim.

Mr. Sickels appealed to the Veterans Court and argued, *inter alia*, that the Board failed to provide adequate reasons or bases to support its findings and conclusions as required by 38 U.S.C. § 7104(d)(1). Mr. Sickels alleged that the Board failed to address whether the June 2005 and July 2007 opinions were thorough and informed. He specifically faulted the VA for not obtaining an MRI of his right knee before issuing its nexus opinion and argued that the instructions sent to the medical examiners were confusing and did not provide them with clear discretion to perform additional diagnostic testing if needed. The Veterans Court rejected Mr. Sickels' argument and noted that he presented no testimony or other evidence to demonstrate that the absence of an MRI rendered the

examiners' opinions uninformed or inadequate. The Veterans Court also rejected the argument that the instructions to the examiners were confusing because Mr. Sickels failed to make the argument to the Board and because examiners' opinions are presumed competent. Mr. Sickels renews these arguments on appeal. We have jurisdiction under 38 U.S.C. § 7292.

II

Mr. Sickels' appeal focuses on whether 38 U.S.C. § 7104(d)(1) requires the Board to provide written reasons and bases to support an implicit conclusion that a VA medical opinion is sufficiently informed by physical examination or other diagnostic procedures. Section 7104(d) requires that "[e]ach decision of the Board shall include – (1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record; and (2) an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d).

The scope of our review authority over a final decision of the Veterans Court is limited by statute. We review "all relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1). Absent a constitutional issue, we lack jurisdiction to review factual determinations in decisions of the Veterans Court. *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004). We also cannot review a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

The Government argues that this appeal is a challenge to the Veterans Court's application of section 7104(d)(1) to the facts of this case and thus outside of this

Court's jurisdiction. The Government would limit the question presented on appeal to whether the Board erred *in this case* by failing to articulate reasons and bases for finding Mr. Sickels' VA medical opinions to be adequate. However, such a narrow reading of Mr. Sickels' argument is incorrect and unfair. The Board is statutorily compelled by section 7104(d)(1) to articulate reasons and bases to provide for judicial review of its findings and conclusions. Mr. Sickels argues on appeal that the Board may not implicitly find a VA medical opinion to be adequate, but rather must always explicitly explain why each medical opinion is adequate in order to satisfy its statutory duty under section 7104(d)(1). Mr. Sickels thus raises a legal question within our jurisdiction.

## III

Mr. Sickels' argument is similar to the challenge raised in *Rizzo v. Shinseki*, 580 F.3d 1288 (Fed. Cir. 2009). In *Rizzo*, the appellant argued that the VA must affirmatively establish the competence of a medical examiner before the Board can rely upon the medical examiner's report. We rejected this argument and found that "this court perceives no statutory or other requirement that VA must present affirmative evidence of a physician's qualifications in every case as a precondition for the Board's reliance upon that physician's opinion." *Id.* at 1291. Thus, when a veteran suspects a fault with the medical examiner's qualifications, it is incumbent upon the veteran to raise the issue before the Board. *Id.* ("Indeed, where as here, the veteran does not challenge a VA medical expert's competence or qualifications before the Board, this court holds that VA need not affirmatively establish that expert's competency."). We concluded that "the Veterans Court did not err in not requiring the Board

to affirmatively establish [a medical doctor's] competency." *Id.* at 1292.

We made clear in *Rizzo* that the VA and Board are not required to affirmatively establish competency of a medical examiner unless the issue is raised by the veteran. *Id.* at 1291-92. While we did not explicitly state so in *Rizzo*, it should be clear from our logic that the Board is similarly not mandated by section 7104(d) to give reasons and bases for concluding that a medical examiner is competent unless the issue is raised by the veteran. To hold otherwise would fault the Board for failing to explain its reasoning on unraised issues.

Mr. Sickels also argues that because the structure of the veterans benefits system is "nonadversarial and paternalistic," he should not be required to argue that the medical examiners were insufficiently informed. It is true that the Board is required to consider issues independently suggested by the evidence of record. *See Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009). However, we have previously expressed that, even in light of this duty, the Board is entitled to assume the competence of a VA examiner unless the competence is challenged. *Rizzo*, 580 F.3d at 1290-91. The argument that a VA medical examiner's opinion is inadequate is sufficiently close to the argument raised in *Rizzo* that it should be treated the same.

Mr. Sickels failed to raise his concern regarding the medical examiners' ability to understand the AMC instructions before the Board and we conclude that his failure to do so relieves the Board of its burden to address the issue. As we stated in *Rizzo*, "[t]he presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers

have properly discharged their official duties." 580 F.3d at 1292 (quoting *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004)). The doctrine "allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary." *Id.* (quoting *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001)). The VA medical examiners were provided with instructions granting authority to perform additional examinations and diagnostic testing if necessary. The Veterans Court did not err by not requiring the Board to state reasons and bases demonstrating why the medical examiners' reports were competent and sufficiently informed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.