Citation Nr: 1755128 
Decision Date: 11/12/17 Archive Date: 12/07/17

DOCKET NO. 14-04 546 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to a disability rating in excess of 40 percent for varicose veins of the left lower extremity during the appeal period prior to April 1, 2015, and in excess of 20 percent from April 1, 2015.

2. Entitlement to a disability rating in excess of 40 percent for varicose veins of the right lower extremity during the appeal period prior to April 1, 2015, and in excess of 20 percent from April 1, 2015.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

A. Smith, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from August 1966 to October 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. 

In March 2017, the Veteran appeared at a Travel Board Hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record. 


FINDINGS OF FACT

1. Throughout the appeal period both prior to and from April 1, 2015, the Veteran's varicose veins of his left leg manifested in persistent edema, eczema, and stasis pigmentation.

2. Throughout the appeal period both prior to and from April 1, 2015, the Veteran's varicose veins of his right leg manifested in persistent edema, eczema, and stasis pigmentation.





CONCLUSIONS OF LAW

1. The Veteran's symptoms due to his varicose veins of the left leg warrant a 40 percent rating, but no higher, throughout the appeal period. 38 U.S.C. § 1155 (West 2012); 38 C.F.R. §§ 3.321, 4.1, 4.7, 4.104, Diagnostic Code 7120 (2017).

2. The Veteran's symptoms due to his varicose veins of the right leg warrant a 40 percent rating, but no higher, throughout the appeal period. 38 U.S.C. § 1155 (West 2012); 38 C.F.R. §§ 3.321, 4.1, 4.7, 4.104, Diagnostic Code 7120 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Assist and Notify
VA has complied with all duties necessary to assist the Veteran in substantiating the claim. VA has obtained all identified and available service and post-service treatment records, and the VA examination afforded the Veteran in November 2013 is adequate. See Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate). While the Veteran has asserted contentions with the manner in which the VA examiner performed the examination, the corresponding Disability Benefits Questionnaire reflects that the examiner physically examined the Veteran, considered his lay statements, and addressed all relevant rating criteria. As such, the Board finds that the examination was adequate. See Sickels v. Shinseki, 643 F.3d 1362, 1366 (Fed. Cir. 2011) (holding that, in the absence of clear evidence to the contrary, VA medical examiners are presumed competent). 

Increased Rating

The Veteran's entire history is reviewed when making disability evaluations. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). The Board will also consider entitlement to staged ratings to compensate for times since the claim was filed when the disability may have been more severe than at other times during the appeal. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). In such case, VA must address the evidence concerning the state of the disability from the time period one year before the claim for an increase was filed until VA makes a final decision on the claim. In the instant case, the Veteran filed his claim for increase for bilateral varicose veins on April 11, 2012. Therefore, the period under consideration begins on April 11, 2011. 

Disability evaluations are determined by comparing a Veteran's symptoms with criteria set forth in VA's Schedule for Rating Disabilities, which are based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. 
When a question arises as to which of two ratings applies under a particular diagnostic code, the higher of the two evaluations is assigned if the disability more closely approximates the criteria for the higher rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

The Veteran's left and right leg varicose veins have been evaluated under Diagnostic Code 7120. 38 C.F.R. § 4.104 (2017). Diagnostic Code 7120 provides that intermittent edema of extremity or aching and fatigue in leg after prolonged standing or walking, with symptoms relieved by elevation of extremity or compression hosiery is rated at 10 percent. Persistent edema, incompletely relieved by elevation of extremity, with or without beginning stasis pigmentation or eczema is rated at 20 percent. Persistent edema and stasis pigmentation or eczema, with or without intermittent ulceration is rated at 40 percent. Persistent edema or subcutaneous induration, stasis pigmentation or eczema, and persistent ulceration is rated at 60 percent. A maximum rating of 100 percent is for massive board-like edema with constant pain at rest attributed to the effects of varicose veins. 


 (CONTINUED ON NEXT PAGE)

Facts

The Veteran contends that his varicose veins are more disabling than the ratings assigned. As neither the 40 percent rating assigned during the appeal period prior to April 1, 2015, nor the 20 percent rating assigned since April 1, 2015, represent a full grant, the Board will address both ratings.

The medical evidence includes a VA examination and private treatment reports regarding the Veteran's varicose veins, which the Board will discuss chronologically. 

An April 2012 duplex scan from Sutter North Medical Foundation indicates that there was no deep vein thrombus seen in the left lower extremity veins. The report indicates that the left greater saphenous vein was thrombosed and the left lesser saphenous vein was thrombosed. A separate report referring to the same test restates the impression that there was no evidence of acute deep vein thrombosis and also indicates there was no acute superficial thrombophlebitis bilaterally. The examiner did note that chronic recanalized thrombus of the small saphenous vein of the left lower extremity could not be ruled out. The Board notes that this is the duplex scan the Veteran referred to in his notice of disagreement and indicated had not been considered by VA.

In November 2013, the Veteran underwent a VA examination for his varicose veins. The examination report notes that in 2000, the Veteran jumped out of a truck at which time he noticed signs/symptoms of deep vein thrombosis, which gradually resolved over time. The examiner indicated that in April or May 2012, the Veteran was seen at Sutter North for superficial thrombosis of the left leg, for which he had an ultrasound and that there was no evidence of deep venous thrombosis. 

Regarding symptoms for both legs, the VA examiner indicated the following: aching and fatigue after prolonged standing or walking; symptoms relieved by elevation of the extremity; symptoms relieved by compression hosiery; incipient stasis pigmentation or eczema; and intermittent edema of extremity. No aneurysms of any sort or amputations were noted. The examiner indicated there were no other pertinent physical findings, complications, conditions, signs and/or symptoms. The examiner also indicated there were no scars (surgical or otherwise) related to the Veteran's varicose veins condition or treatment.

A January 2014 report from UC Davis Medical Group notes swelling in the Veteran's varicose veins with inflammation and edema of both legs. As to medical history, the examiner indicated that he had referred the Veteran to a cardiologist in August 2013 who began evaluation of the Veteran's lower extremities because of persistent inflammation, swelling, and other signs of chronic insufficiency.

An April 2015 letter from UC Davis Medical Group indicates that the Veteran was being seen for severe varicose vein changes with venous insufficiency and pigmentation changes. The examiner indicated that after examination of the lower extremities, the Veteran suffers from severe venous insufficiency and long-standing varicose veins, which caused bronzing of the skin, stasis pigmentation, and eczema-like changes to both of the lower extremity areas. The examiner indicated that the Veteran also had a mild amount of peripheral edema in this area.

As to lay statements, in his March 2013 notice of disagreement, the Veteran stated that the rating criteria does not take into consideration deep vein thrombosis or thrombosis, which are an important and dangerous part of varicose veins. The Veteran indicated that he got deep vein thrombosis on occasions when he jumped from inside his truck's trailer, which resulted in redness, pain, and heat in his calf. He indicated that it resolved naturally and that he has been careful not to engage in any activity that would have a jarring effect on his leg; he indicated that he therefore does not run, jump, or kick. He also indicated that in early 2012, his doctor told him he had a thrombosis. Additionally, he indicated that he cannot use blood thinners because he has a history of ulcers.

At the March 2017 hearing, the Veteran's representative stated that the 2013 VA examiner indicated that the Veteran's edema was intermittent while an April 2014 letter from the Veteran's private physician indicates that he has mild edema. The representative indicated that the VA examiner's indication that the Veteran's edema was intermittent was based on an interview only. When asked at the hearing, the Veteran indicated that he gets swelling in his legs every day. He indicated that his legs swell, his ankles get stiff, and he gets a burning sensation in his legs. 

Merits

Having reviewed the record, medical and lay, the Board finds that the Veteran's bilateral varicose veins warrant a 40 percent rating throughout the appeal period. 

During the appeal period prior to April 1, 2015, the RO assigned a 40 percent rating for persistent edema, eczema, and stasis pigmentation, which the Board will not disturb. As will be discussed, a higher rating than 40 percent is not warranted during the appeal period prior to April 1, 2015. 

From April 1, 2015, there are no additional medical records regarding the Veteran's varicose veins. The latest medical record is the April 2015 letter from UC Davis Medical Group, which indicates edema, eczema, and stasis pigmentation. There is no evidence of record to suggest that these symptoms had resolved. As such, the Board finds that a 40 percent rating for persistent edema, eczema, and stasis pigmentation is also warranted from April 1, 2015.

However, at no time during the appeal period is a rating higher than 40 percent warranted. While the Board acknowledges the Veteran's credible assertions that he has a history of ulcers, the record does not reflect that the Veteran experienced subcutaneous induration or massive board like edema, which are all required for a rating higher than 40 percent under Diagnostic Code 7120, at any time during the appeal period. Nor has the Veteran alleged that he experiences any such symptoms. 

The Board has also considered a separate rating under other potentially applicable diagnostic codes for diseases of the veins. The November 2013 VA examiner assessed whether or not the Veteran has an aneurysm but indicated that he does not. As such, a separate rating under Diagnostic Codes 7110-7112 for various aneurysms is not applicable. 38 C.F.R. § 4.104. The November 2013 VA examiner also indicated that the Veteran does not have any amputations or scars associated with his varicose veins. As such, a separate rating under Diagnostic Codes 5160-5173 for amputations of lower extremities or Diagnostic Codes 7800-7805 for scars is also not warranted. 38 C.F.R. §§ 4.71a, 4.118. While the Veteran has indicated that the November 2013 VA examiner did not properly evaluate him, the Board notes that the Veteran has not asserted that he has aneurysms, amputations, or scars associated with his varicose veins. 

As to the Veteran's assertion that the rating schedule does not consider deep vein thrombosis or thrombosis, the Board notes that the record does not reflect that the Veteran had deep vein thrombosis during the appeal period. While he indicated that he noticed the symptoms in 2000 after jumping out of a truck, the subsequent medical examination from Sutter North in April 2012 indicates that there was no deep vein thrombosis at that time. The November 2013 VA examiner also noted that the symptoms the Veteran indicated to be deep vein thrombosis following his jumps had resolved. This assessment is also in line with the Veteran's own assertions in his notice of disagreement that the symptoms resolved after his jumps. 

The Veteran also indicated that he was diagnosed with a thrombosis in 2012, which the Board acknowledges is reflected for the left leg in the April 2012 Sutter North record. As to symptoms, the Veteran indicated that the conditions result in burning, pain, and redness. These symptoms are accounted for in the Veteran's rating for varicose veins. Moreover, the symptoms for deep vein thrombosis, which is evaluated under Diagnostic Code 7121, are the same as those symptoms evaluated under Diagnostic Code 7120 for varicose veins. 38 C.F.R. § 4.104. As such, absent clear medical evidence that the Veteran has deep vein thrombosis or thrombosis with separate and distinct symptoms from those of his varicose veins, a separate rating for deep vein thrombosis or thrombosis cannot be granted because the Veteran cannot be compensated for the same symptomatology twice, as such would constitute pyramiding in violation of 38 C.F.R. § 4.14. 

Consideration has also been given to assigning staged ratings. However, the Board finds that at no time during the period in question has the disability warranted higher schedular ratings than those assigned. Fenderson v. West, 12 Vet. App. at 119. At no time during the appeal period did the Veteran exhibit any symptoms commensurate with a rating higher than 40 percent. Accordingly, the Board finds that a uniform rating is warranted. Hart v. Mansfield, 21 Vet. App. at 505. 

Given the evidence, the Board finds that a rating of 40 percent, but no higher, is warranted throughout the appeal period for the Veteran's bilateral varicose veins of the lower extremities.


ORDER

A 40 percent rating, but no higher, is granted for varicose veins of the left lower extremity throughout the appeal period. 

A 40 percent rating, but no higher, is granted for varicose veins of the right lower extremity throughout the appeal period. 







____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs