Citation Nr: 1811319 
Decision Date: 02/22/18 Archive Date: 03/06/18

DOCKET NO. 17-67 530 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUES

1. Entitlement to service connection for a heart condition.

2. Entitlement to a disability rating in excess of 60 percent for a lung condition.


REPRESENTATION

Veteran represented by: Amy B. Kretkowski, Attorney


ATTORNEY FOR THE BOARD

David R. Seaton, Associate Counsel





INTRODUCTION

The Veteran served on active duty from December 1945 to November 1947

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2016 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The issue of entitlement to service connection for a heart condition is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran's previously service-connected lung condition has manifested in pulmonary hypertension. 


CONCLUSION OF LAW

The criteria for a total disability rating for a lung condition have been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.97, Diagnostic Code 6833 (2017).








REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided, and neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claim at this time is warranted.

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and, therefore, appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service treatment records, VA treatment records, and private treatment records have been obtained. Additionally, the Veteran was offered the opportunity to testify at a hearing before the Board, but he declined.

The Veteran was also provided with several VA examinations (the reports of which have been associated with the claims file), which the Board finds to be adequate for rating purposes, as the examiners had a full and accurate knowledge of the Veteran's disability and contentions, and grounded their opinions in the medical literature and evidence of record. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, neither the Veteran nor his representative has objected to the adequacy of any of the examinations conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011). 

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). There is no prejudice to the Veteran in adjudicating this appeal, because VA's duties to notify and assist have been met.

Lung Condition

The Veteran contends that he is entitled to a total disability rating for a lung condition. The weight of the evidence indicates that he is entitled to a total disability rating throughout the period on appeal.

The Veteran first filed for service connection for a lung condition in August 2006, and in January 2014 the RO granted service connection and assigned a disability rating of 30 percent prior to August 5, 2010 and a disability rating of 60 percent thereafter. In October 2015, the Veteran filed an increased rating claim, and, in February 2016, the RO denied the Veteran's claim. The Veteran appealed.

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

The Veteran's disability ratings are evaluated pursuant to Diagnostic Code 6833. Under Diagnostic Code 6833, a disability rating of 60 percent is assigned when forced vital capacity (FVC) is 50 to 64 percent of predicted; or diffusion capacity of the lung for carbon monoxide by single breath method (DLCO (SB)) is 40 to 55 percent or predicted; or the maximum exercise capacity of 15 to 20 ml/kg in oxygen consumption with cardiorespiratory limitation. A total disability rating is assigned when FVC is less than 50 percent of predicted; or DLCO (SB) is less than 40 percent predicted; or the maximum exercise capacity is less than 15 ml/kg in oxygen consumption with cardiorespiratory limitation; or there is cor pulmonale; or there is pulmonary hypertension; or outpatient oxygen therapy is required. 38 C.F.R. § 4.97, Diagnostic Code 6833.

The Veteran contends that he is entitled to a total disability rating, because his lung condition has manifested in pulmonary hypertension. Treatment records indicate that the Veteran has manifested pulmonary hypertension throughout the period on appeal. There have been multiple VA medical opinions suggesting whether or not the Veteran's lung condition has manifested in pulmonary hypertension. 

Nevertheless, the most recent VA medical opinion conducted on September 2017 by a VA staff physician in the pulmonary medicine department indicates that it is more likely than not that the Veteran's lung condition manifested in pulmonary hypertension. Therefore, the Veteran's disability picture more closely approximates the rating criteria for a total disability rating rather than a disability rating of 60 percent. 38 C.F.R. § 4.7.

Here, the weight of the probative evidence of record indicates that the Veteran's lung condition has manifested in pulmonary hypertension and therefore more closely approximate the criteria for a total disability rating rather than a disability rating of 60 percent. Therefore, the evidence in this case is so evenly balanced enough so as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. As such, entitlement to a total disability is granted.


TDIU

The Board has also considered whether the issue of entitlement to a total disability rating due to individual unemployability (TDIU) has been raised by the record. Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board finds that it is not, because a June 2014 VA examination indicated that the Veteran was already retired; and a February 2016 VA examination indicated that the Veteran was able to perform sedentary employment.


ORDER

A total disability rating for a lung condition is granted; subject to the laws and regulations governing the payment of monetary benefits.


REMAND

The Veteran contends that he is entitled to service connection for a heart condition on a secondary basis, because his heart condition was allegedly aggravated by his previously service-connected lung condition.

The Veteran underwent a VA examination in December 2015. The Veteran was diagnosed with congestive heart failure and cardiomyopathy. The examiner opined that the Veteran's heart conditions were due to idiopathic hypertension. 

The Veteran was provided a VA medical opinion in February 2016. The examiner was asked to, but was unable to provide an estimate of the baseline level of the Veteran's heart condition excluding the impact of the Veteran's heart condition.

The Veteran was provided another VA medical opinion in May 2016. The examiner opined that the Veteran's heart condition was not due to his previously service-connected lung condition, but the examiner could not rule out aggravation of the Veteran's heart condition by the Veteran's previously service-connected lung condition.

The Veteran was provided another VA medical opinion in July 2017. The examiner opined that it is at least as likely as not that the Veteran's lung condition was aggravated his previously service-connected lung condition. In a separate September 2017 medical opinion, the examiner indicated that if the Veteran's pulmonary hypertension is caused by the Veteran's lung condition then his asbestosis could be an aggravating factor contributing to his symptoms of congestive heart failure. The examiner also indicated that this question was best answered by a pulmonologist.
As previously noted, the most recent VA medical opinion conducted on September 2017 by a VA staff physician in the pulmonary medicine department indicates that it is more likely than not that the Veteran's lung condition manifested in pulmonary hypertension. 

Resolving all doubt in the Veteran's favor, the medical opinions of record indicate that it is at least as likely as not that the Veteran's lung condition aggravated the Veteran's heart condition to some degree. Service connection may be granted on a secondary basis for diseases that are aggravated by a previously service-connected disability. 38 C.F.R. § 3.310. Nevertheless, service connection may only be granted to the secondary disability on the basis of aggravation to the extent that the secondary disability is aggravated beyond the baseline level of severity of the disability without the effects of the aggravating previously service-connected disability. Id. Even though the Veteran's lung condition aggravated the Veteran's heart condition; it is unclear to what degree, and whether it was such a degree as to be distinguishable from the baseline severity of the Veteran's heart condition. As such, this matter must be remanded for another VA examination in order to address these issues.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Arrange to provide the Veteran with an additional VA examination in order to answer the following questions:

1a. Is it at least as likely as not (50 percent or more) that the Veteran's heart condition was aggravated beyond its natural baseline condition by his previously service-connected lung condition to a measurable degree? Why or why not?

1b. Ignoring the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, what is the baseline workload, as measured in metabolic equivalents (METs), that the Veteran would be able to endure before manifesting dyspnea, fatigue, angina, dizziness, or syncope? Why?

1c. Taking into consideration the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, what workload, as measured in METs, could the Veteran would be able to endure before manifesting dyspnea, fatigue, angina, dizziness, or syncope? Why?

1d. Ignoring the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, what is the Veteran's baseline ejection fraction? Why?

1e. Taking into consideration the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, what is the Veteran's current ejection fraction? Why?

1f. Ignoring the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, would the Veteran manifest cardiac hypertrophy or dilation on and electrocardiogram, echocardiogram, or X-ray? Why or why not?

1g. Taking into consideration the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, does the Veteran manifest cardiac hypertrophy or dilation on and electrocardiogram, echocardiogram, or X-ray? Why or why not?

1h. Ignoring the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, would the Veteran manifest acute congestive heart failure (if so how many episodes per year) or chronic congestive heart failure? Why or why not?

1i. Taking into consideration the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, does the Veteran manifest acute congestive heart failure (if so how many episodes per year) or chronic congestive heart failure? Why or why not?

1j. Ignoring the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, would the Veteran require continuous medication or a pacemaker? Why or why not?

1i. Taking into consideration the effects, if any, of the Veteran's previously service-connected lung condition on his heart condition, does the Veteran require continuous medication or a pacemaker? Why or why not?

2. Then, readjudicate the claim on appeal. If the benefit sought is not granted, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond thereto before returning the case to the Board, if in order.
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



______________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs