Citation Nr: 1817424 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 13-12 247 ) DATE
 )
 )
 
On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a heart disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Mike A. Sobiecki, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. from October 1966 to September 1968. His service included deployment to the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

The claim of entitlement to service connection for ischemic heart disease has been recharacterized as one for a heart disability. Clemons v. Shinseki, 23 Vet. App. 1 (2009).

In the April 2013 substantive appeal (via VA Form 9), the Veteran requested a hearing before a Veterans Law Judge (VLJ). The hearing was scheduled for April 2017, and August 2016 and April 2017 notice letters informed him of the time, place, and location of the hearing. The Veteran failed to appear for the scheduled hearing and did not provide good cause or otherwise request the hearing be postponed or rescheduled. In a VA Form 21-4138 submitted several days after the date of the hearing, the Veteran's representative wrote that the Veteran had failed to report to the hearing, been unresponsive to telephone calls prior to the hearing, and asked that the appeal be decided based on the merits of the record. Accordingly, the Board will proceed as the request for the hearing has been withdrawn. 38 C.F.R. § 20.704(d).

The appeal was last adjudicated in a March 2013 statement of the case. Since then, VA obtained and associated with the claims file more recent VA treatment records. A review of these new records shows that the treatment the Veteran received is not pertinent to the claim on appeal. Any notations related to a heart disability are historical acknowledgments and duplicative of the evidence already of record and considered in the March 2013 statement of the case. Remand is not required for initial consideration of this evidence by the agency of original jurisdiction (AOJ). 38 U.S.C. § 7105(e); 38 C.F.R. § 20.1304(c). 


FINDINGS OF FACT

1. The Veteran has a current diagnosis of peripheral vascular disease. He does not have a diagnosis of ischemic heart disease.

2. The Veteran is presumed to have been exposed to herbicide agents during service in the Republic of Vietnam.

3. The Veteran's peripheral vascular disease was not incurred in, and is not otherwise related to, his active military service.


CONCLUSION OF LAW

The criteria for service connection for a heart disability have not been met. 38 U.S.C. §§ 1110, 5107 (2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

After reviewing the record, the Board finds that the VA's duty to notify the appellant as to the information and evidence necessary to substantiate the claim was satisfied by a letter dated in February 2011. 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2017). Neither the Veteran nor his representative has raised any issues with the duty to notify.

In a January 2013 VA Form 21-4138, the Veteran asserted that he did not undergo a VA examination as noted in the July 2011 rating decision. He reported that he appeared for the VA examination but was told his doctor was not there and was sent home. The record includes a fee-basis VA examination dated March 2011. A review of that examination report shows lay statements from a patient, purportedly the Veteran, who was not certain he ever had heart problems before. This lay evidence runs contrary to the remaining evidence of record, which indicates the Veteran had a long history of treatment for peripheral vascular disease, to include placement of stents. Given the apparent inconsistency between the lay statements contained in the March 2011 fee-basis VA examination report and the Veteran's actual medical history, the Board finds the Veteran's assertion to be true. The March 2011 fee-basis VA examination report will be disregarded. 

The Veteran was subsequently afforded a VA examination in December 2012. The examination request noted conflicting evidence regarding the Veteran's current diagnosis and requested clarification of the diagnosis; an etiological opinion was not requested. The VA examiner reviewed the claims file, interviewed the Veteran, and conducted testing that was believed to be necessary, to include interview-based METs. The examiner provided an adequate opinion regarding the conflicting diagnosis, and the examination report is otherwise adequate and allows the Board to make a fully informed decision on this claim. Stefl v. Nicholson, 21 Vet. App. 120 (2007).

In the March 2018 Informal Hearing Presentation, the Veteran's representative argued that the December 2012 VA examiner's opinion on the current diagnosis was inadequate because there were no diagnostic tests conducted during the examination. The representative requested that a new examination be scheduled and that it be conducted by a cardiac specialist. First, the Board notes that a medical examiner is presumed competent unless the issue is raised by the Veteran, at which point the burden is on the Veteran to provide clear evidence to the contrary. Sickels v. Shinseki, 643 F.3d 1362, 1366 (Fed. Cir. 2011). The representative's argument implicitly raises this issue; however, the Veteran has not provided any clear evidence that the examiner was not competent. Accordingly, the Board finds the examiner competent. See VA Adjudication Manual M21-1, III.iv.3.D.2.o ("where an examiner is basically competent, matters like specialty, Board certification, experience, and other related considerations will merely be considerations in determining the probative value of the examination or opinion"). Second, a review of the examination report shows that interview-based METs testing was performed and, otherwise, the decision as to what testing is required to make a medical determination regarding a current diagnosis is at the discretion of the examiner. The examiner's opinion did include an adequate rationale. Accordingly, the examination report is adequate to decide the claim. Remand is not required for a new examination. Neither the Veteran nor his representative has raised any other issues with the duty to assist.

The Veteran seeks service connection for a heart disability, claimed as ischemic heart disease. For the reasons that follow, the Board finds that service connection is not warranted.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection for certain diseases may also be granted on a presumptive basis as due to exposure to herbicide agents, to include Agent Orange. 38 C.F.R. § 3.309(e).

The evidence shows the Veteran has a long history of peripheral vascular disease. The Veteran's peripheral vascular disease has been treated with stents and catheterization.

The evidence does not show the Veteran has a competent diagnosis of ischemic heart disease. In March 2011, the Veteran appeared for an Agent Orange Registry evaluation. The treatment record noted a past medical history of ischemic heart disease status post stents and peripheral vascular diseases status post stents. It noted the Veteran's ischemic heart disease was an Agent Orange presumptive condition. The Board finds this is not a competent diagnosis. No diagnostic testing was conducted during this evaluation, and it runs contrary to the Veteran's medical history, which is well documented. That history includes substantial peripheral vascular disease treated with stents but no ischemic heart disease. The RO also requested an opinion from a VA examiner regarding this contradiction. 

The Veteran underwent a VA examination in December 2012. The examiner opined that there was no objective medical evidence to support a diagnosis of ischemic heart disease and observed that the diagnosis provided in that March 2011 treatment record was not carried over into more recent VA treatment records. To the extent that the Veteran has asserted he does have ischemic heart disease, he is not competent to render such a diagnosis himself because he does not possess the requisite medical training and expertise. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). He is competent to relate knowledge of his prior medical diagnoses as provided by his treating physicians; however, his assertions are outweighed by the competent medical evidence of record, which shows otherwise. Indeed, VA treatment records obtained as recently as February 2018 are also negative for diagnosed ischemic heart disease. Given the foregoing, the Board finds that the Veteran does not have a diagnosis of ischemic heart disease.

The Veteran asserts his heart condition is related to exposure to Agent Orange during service in the Republic of Vietnam. The Veteran's service records confirm service in the Republic of Vietnam during the presumptive period; thus, exposure to herbicide agents, to include Agent Orange, is presumed. 38 C.F.R. § 3.307(a)(6)(iii).

Peripheral vascular disease is not eligible for presumptive service connection under § 3.309(e). Also, the regulation explicitly states that peripheral vascular disease is not considered ischemic heart disease, which is a condition eligible for presumptive service connection. Id. at Note 2. Nonetheless, the Board will still consider whether service connection is warranted based on a direct theory of entitlement. Combee v. Brown, 34 F.3d 1039, 1041-42 (Fed. Cir. 1994). 

The Veteran's service records do not contain any complaints, treatment, or diagnoses related to a heart condition. A January 1968 Report of Medical History shows the Veteran marked "yes" to pain in the chest but the examining physician annotated that there was a calcification in the left chest - there was no indication of cardiovascular involvement. A September 1968 Report of Medical History contained the same information. The medical examination conducted at separation showed normal clinical evaluation of the heart. Additionally, as noted above, the Veteran is presumed to have been exposed to herbicide agents, to include Agent Orange.

The only evidence in favor of a nexus between the Veteran's current disability and his active service, to include exposure to herbicide agents, is his own statements. The Veteran is not competent to provide such an etiological determination because he does not possess the requisite medical training or expertise. Jandreau, 492 F.3d at 1377. The record does not contain a VA medical opinion concerning the etiology of his condition; however, one is not required. The requirements of McLendon have not been met because there is no competent evidence indicating there may be a nexus. 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). Something more than the Veteran's self-serving statements are needed to trigger VA's duty to assist. Waters v. Shinseki, 601 F.3d 1274, 1278-79 (Fed. Cir. 2010).

In sum, the Veteran has a current diagnosis of peripheral vascular disease but the evidence does not show it is etiologically related to his active military service, to include exposure to herbicide agents such as Agent Orange. There is no doubt to be resolved; service connection for a heart disability is not warranted.


ORDER

Service connection for a heart disability is denied.



____________________________________________
D. JOHNSON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs