Citation Nr: 1829357 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 11-27 974 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for anemia.


REPRESENTATION

Veteran represented by: Bonnie L. Earley Freeman, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

David R. Seaton, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 2001 to March 2009.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The issue of entitlement to service connection for anemia was previously before the Board, and, in April 2016, the Board remanded this matter for further development. Further development in substantial compliance with the Board's previous remand instructions has been completed.

The Board notes that, in April 2016, the issues of entitlement to service connection for peripheral neuropathy of the bilateral upper extremities were remanded for the issuance of a statement of the case (SOC). In December 2017, the Veteran was issued a SOC, but he did not perfect the appeal of these issues to the Board, and, as such, the Board shall not address these matters any further.

The Board notes that, in April 2016, the issue of entitlement to a total disability rating due to individual unemployability (TDIU) was remanded for the issuance of a SOC. A SOC has not been issued in response to the Board's remand instructions, but, in June 2017, the RO granted TDIU throughout the entire period on appeal. As such, the Board shall not address this matter any further.

In April 2016, the Board referred the issue of entitlement to an increased disability rating for kidney disease. In September 2016, the RO issued a rating decision evaluating the Veteran's disability rating for kidney disease. The Veteran did not file a notice of disagreement (NOD) challenging the September 2016 decision, and, therefore, the Board shall not address this issue any further.

In February 2017, the Veteran filed a NOD challenging a June 2016 rating decision evaluating the Veteran's disability rating for his back condition. A SOC has not been issued in response to the February 2017 NOD. Normally this would warrant the Board taking special jurisdiction over this claim in order to remand the matter for further development. Manlincon v. West, 12 Vet. App. 238 (1999). Nevertheless, the June 2016 rating decision is merely implementing the April 2016 Board decision that previously disposed of the Veteran's claim for an increased initial disability rating. As this decision is final, 38 C.F.R. § 20.1100, in order to revisit his evaluation for a back disability the Veteran must either: appeal the decision to the United States Court of Appeals for Veterans Claims; move for the reconsideration of the decision by the Board; or file an new increased rating claim with the RO. Given the significant period of time that has passed since the April 2016 Board decision, the Board makes no representations regarding the timeliness of an appeal or a motion to reconsider. Regardless of timeliness, the Veteran has not initiated any of these proceedings, and the Board shall not consider the Veteran's disability rating for his back disability any further.
 

FINDING OF FACT

The Veteran's anemia is not of service onset or otherwise related thereto.


CONCLUSION OF LAW

The criteria for service connection for anemia have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist 

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In this case, required notice was provided, and neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009). Thus, adjudication of his claim at this time is warranted.
 
As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and, therefore, appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service treatment records, VA treatment records, and private treatment records have been obtained. Additionally, the Veteran testified at a personal hearing before the Board, and a transcript of the hearing is of record.

The Veteran was also provided with several VA examinations (the reports of which have been associated with the claims file), which the Board finds to be adequate for rating purposes, as the examiners had a full and accurate knowledge of the Veteran's disability and contentions, and grounded their opinions in the medical literature and evidence of record. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Moreover, neither the Veteran nor his representative has objected to the adequacy of any of the examinations conducted during this appeal. See Sickels v. Shinseki, 643 F.3d, 1362, 1365-66 (Fed. Cir. 2011).

The Board notes that this matter was previously remanded in order to associate additional treatment records with the claims file, as well as to provide the Veteran with another VA examination. Additional development in substantial compliance with these remand instructions has been completed.

As described, VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). There is no prejudice to the Veteran in adjudicating this appeal, because VA's duties to notify and assist have been met.



Anemia

At issue is whether the Veteran is entitled to service connection for anemia. The weight of the evidence indicates that the Veteran is not entitled to service connection.

In seeking VA disability compensation, a veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303. Furthermore, service connection can be established through application of statutory presumptions, including for chronic diseases like primary anemia, when manifested to a compensable degree within one year of separation from service; or when continuity of symptomology since separation of service has been established. 38 C.F.R. §§ 3.307, 3.309. 

The Veteran testified at a personal hearing before the Board in April 2015. The Veteran stated that he was diagnosed with anemia approximately two weeks to one month after separating from service, and that the diagnosis was the result of a laboratory test. The Veteran testified that his symptoms included feeling tired and cold. The Veteran denied being treated for anemia during active duty. The Veteran claimed that he had been exposed to many contaminants during his period of service, but he could not identify one that he believed was related to his anemia. The Veteran argued that his anemia must have been caused by a period of service, because he had not manifested anemia prior to entering the service. The Veteran also claimed that he would often feel tired and cold prior to separating from service. See Transcript.

The Veteran's service treatment records are silent for reports of or treatment for anemia. 

VA treatment records as early as July 2009 note a history of sickle cell trait. The Veteran's hemoglobin level was 11.4gm/100ml at the time.

The Veteran underwent a VA examination in February 2010. The examiner noted a history of stable mild anemia dating as early as June 2009. 

Treatment records from February 2010 to January 2018 indicate that the Veteran's hemoglobin levels were as follows: 13.7gm/100ml in August 2010; 12.9gm/100ml in February 2012; 12.9gm/100ml in April 2012; 12.7gm/100ml in July 2011;12.6 in October 2012; 13.0 gm/100ml in February 2013; 13.4gm/100ml in August 2013; 14.7gm/100ml in December 2013; 13.0gm/100ml and 13.2gm/ml in May 2014; 11.4gm/100ml in October 2014; 12.2gm/100ml in December 2014; 12.1gm/100ml in December 2014; 11.6gm/100ml in October 2015; 11.8gm/100ml in November 2015; 13.1gm/100ml in February 2016; 13.6gm/100ml in April 2016; 13.0gm/ml in September 2016; 13.3gm/100ml in October 2016; 13.6gm/100ml in December 2016; 14.1gm/100ml in March 2017; 13.6gm/100ml in July 2017; and 13.6gm/100ml in January 2018.

An August 2013 VA treatment record indicates that the Veteran's hemoglobin level was acceptable and normal.

A January 2017 VA treatment record indicates that the Veteran's anemia had resolved, in light of a hemoglobin level of 13.6gm/100ml.

The Veteran underwent another VA examination in January 2018. The Veteran was diagnosed with sickle cell trait with anemia, and the examiner noted that the Veteran's anemia caused easy fatigability and light-headedness. The examiner opined that it is at least as likely as not that the Veteran's anemia was related to a period of service, because the Veteran was diagnosed with sickle cell trait and anemia within four months after separation from service, which the examiner indicated made the Veteran's anemia a presumptive condition. The examiner's opinion relied on the result of an abnormal test result.

The weight of the evidence indicates that the Veteran did not manifest anemia during service. His service treatment records do not reflect such a diagnosis. While he may believe he experienced symptoms of anemia during service, as a layperson, he is not competent to diagnose such a disorder. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Also, a veteran as a layperson is competent to offer an opinion on a simple medical condition. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (citing Jandreau). In the present case, a diagnosis of anemia requires laboratory testing. Under these circumstances direct service connection for anemia is denied.

Service connection may be granted on a chronic disease presumptive basis if anemia is shown to have been present to a compensable degree within one year of service discharge. Diagnostic Code 7700 of the Schedule for Rating Disabilities, 38 C.F.R. Part 4, assigns a 10 percent rating to anemia with hemoglobin 10 gm/100ml or less with findings such as weakness, easy fatigability or headaches. 38 C.F.R. § 4.117, Diagnostic Code 7700. Here, the evidence demonstrates hemoglobin levels during the one year period following service discharge that are all above this threshold. Therefore, the Veteran did not demonstrate anemia to a compensable degree within the first post service year, despite a VA examiner's conclusion that the disorder was a presumptive condition. The Board, rather than a medical examiner, is adjudicating the claim. A grant of service connection on a chronic disease presumptive basis is not warranted. 

Here, the weight of the probative evidence of record simply fails to demonstrate that the Veteran's anemia is of service onset or otherwise related thereto. Therefore, the evidence in this case is not so evenly balanced so as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. As such, entitlement to service connection for anemia is denied.

 (CONTINUED ON NEXT PAGE)


ORDER

Service connection for anemia is denied.



______________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs